UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHEERY PORGES, | : |
| | : |
| Petitioner, | : |
| | : PRISONER |
| V. | : CASE NO. 3:08-CV-785(RNC) |
| | : |
| DONNA ZICKEFOOSE, | : |
| | : |
| Respondent. | : |

## RULING AND ORDER

Petitioner, a federal inmate proceeding pro se, brings this action under 28 U.S.C. § 2241 against the warden of the Federal Correctional Institution in Danbury ("FCI Danbury") challenging the warden's denial of her request that the Bureau of Prisons ("BOP") move for a reduction in her sentence to enable her to be released to home confinement to care for her minor children. Under 18 U.S.C. § 3582(c)(1)(A)(I), a court may reduce a sentence of imprisonment at the request of the Director of the BOP when "extraordinary and compelling reasons warrant such a reduction." Petitioner claims that the warden denied her request for compassionate release under this statute without considering a recent amendment to a policy statement issued by the Sentencing Commission interpreting the statutory phrase "extraordinary and compelling reasons" to include "incapacitation of the defendant's only family member capable of caring for the defendant's minor child or minor children." See U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(iii) (2007). Petitioner contends that this

new policy statement supports her request for release because the only family member capable of caring for her minor children -- her sister -- must soon return to her native China to obtain medical care. Respondent opposes the petition on the grounds that petitioner has failed to exhaust administrative remedies, the discretionary denial of petitioner's request is not subject to judicial review, and petitioner has failed to demonstrate circumstances warranting relief. I agree that the petition must be dismissed because of petitioner's failure to exhaust administrative remedies and therefore do not reach any other issue raised by the petition.

I.  Background

In August 2002, petitioner was sentenced in the Southern District of New York (Cote, J.) to imprisonment for ninety-seven months, the top of the applicable guideline range, based on her plea of guilty to charges relating to her involvement in an alien smuggling ring. Petitioner is serving her sentence at FCI Danbury. Her projected release date is August 16, 2009.

While the criminal charges were pending against petitioner, she used fertility treatments to become pregnant. Before her sentencing, she gave birth to twin girls, born two months premature. Petitioner was released on bond until her sentencing. At the sentencing hearing, her request for a self-surrender date was denied and she was remanded to the custody of the United

States Marshal.

In April 2007, petitioner wrote to the sentencing court requesting that the judgment of conviction be amended to include a recommendation to the BOP that she be permitted to serve the remainder of her sentence on home confinement. In her letter, petitioner stated that her sister, the legal guardian of her twin daughters, was in "poor health," which made it necessary for her to return to China where she could receive "government-funded medical care." Petitioner stated that unless she was released to home confinement, her children would "be forced to return to China" with her sister because there was nobody else in the United States to care for them. The Government opposed petitioner's request. On August 10, 2007, the request was denied by the sentencing court. United States v. Porges, No. S6 00 Cr. 934(DLC) (S.D.N.Y. Aug. 10, 2007).

About five months later, in late January 2008, petitioner submitted a written request to the warden of FCI Danbury seeking compassionate release under § 3582(c)(1)(A)(I). Petitioner claimed that her sister – allegedly the only family member able to provide care for petitioner's twin daughters – was experiencing serious health problems. The BOP uses the compassionate release statute "in particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." 28 C.F.R. §

3

571.60. On April 15, 2008, the warden denied the request. The denial stated:

> Upon review of your request, it has been determined that there appears to be no particular extraordinary or compelling circumstances that would not have been foreseen by the court at the time of your sentencing. It is determined that your request regarding extraordinary child care issues was addressed at the time of your sentencing. If you disagree with this decision, you may appeal through the administrative remedy process.

Petitioner then filed this petition under § 2241 for a writ of habeas corpus. She alleges that her sister must soon return to China to obtain treatment for a herniated disc and post traumatic stress disorder and that no other family member is available to care for the children.

II. Discussion

Petitioner's pro se submissions do not specify the nature of the relief she seeks from this Court. In the absence of a clear statement, the petition is best construed as seeking an order compelling the BOP to file a motion in the sentencing court seeking a reduction in petitioner's sentence pursuant to § 3582(c)(1)(A)(I). This construction is preferable to any other for two basic reasons. A court lacks authority to reduce a sentence of imprisonment under the compassionate release statute unless a motion is filed by the Director of the BOP. See United States v. Harvey, No. 05 Cr. 1193(RWS), 2008 WL 3833928, at *1 (S.D.N.Y. Aug. 12, 2008); United States. v. Ozoria, No.

4

01-CR-0140, 2008 WL 1840764, at *1 (W.D.N.Y. April 22, 2008); Gutierrez v. Anderson, No. 06-1714 JRT/JSM, 2006 WL 3086892, at *2 (D. Minn. Oct. 30, 2006); Morales v. United States, 353 F. Supp. 2d 204, 205 (D. Mass. 2005). And a motion for modification of a sentence under the statute must be filed in the district court that imposed the sentence (not the district of confinement). See Braswell v. Gallegos, 82 F. App'x 633, 635 (10th Cir. 2003).

Respondent contends that the petition must be dismissed because petitioner has failed to comply with the common-law exhaustion requirement applicable to proceedings under § 2241. See Response to Petition at 10, citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001). The purposes of the exhaustion requirement include "protecting the authority of administrative agencies, limiting interference in agency affairs, developing the factual record to make judicial review more efficient, and resolving issues to render judicial review unnecessary." Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003). Other courts have applied the exhaustion requirement to challenges to denials of requests for compassionate release. See Engle v. United States, 26 F. App'x 394, 396 (6th Cir. 2001)(habeas challenge to denial of request for compassionate release dismissed because of failure to exhaust administrative remedies); Green v. Marberry, No. 2:06-cv-12410, 2008 WL 2047891,

5

at *1 (E.D. Mich. May 12, 2008)(same).[1]

Failure to exhaust administrative remedies constitutes a procedural default, which precludes review of the defaulted claim unless the inmate is able to justify the failure to exhaust. See Carmona, 243 F.3d at 634. Petitioner contends that her failure to exhaust should be excused because of the press of time. In support of this argument, she states that the warden took five months to respond to her initial request. Respondent argues that this is insufficient to justify petitioner's deliberate failure to fully exhaust administrative remedies. I agree.

When "legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies," the "cause and prejudice" standard may excuse the prisoner's default. Carmona, 243 F.3d at 634. Petitioner points to no circumstance beyond her control that prevented her from appealing the warden's adverse decision. Petitioner's asserted need for expeditious review does not vitiate the exhaustion requirement. See Gonzalez v. Perrill, 919 F.2d 1, 2 (2d Cir. 1990), overruled on different grounds by United States v. Edwards, 960 F.2d 278 (2d Cir. 1992); Unger v. United States, No. 02 CV 4240, 2007 WL 3353515, at *3 (E.D.N.Y. Nov. 9, 2007).

---

[1] It is arguable that petitioner's challenge to the denial of her request for release to home confinement deals with the conditions of her confinement (rather than the fact or length of her confinement) and is therefore covered by the mandatory exhaustion requirement in 42 U.S.C. § 1997e(a).

6

III. Conclusion

Accordingly, the amended petition is hereby dismissed without prejudice due to petitioner's failure to exhaust administrative remedies.  The Clerk may close the file.

So ordered this 15th day of October 2008.


                                    /s/ RNC
                              Robert N. Chatigny
                           United States District Judge